IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] JOSÉ PADILLA-GALARZA,<br><br>Defendant. | CRIM. NO. 15-633 (SCC) |

**OPINION AND ORDER**

The United States has filed a motion *in limine*, asking the Court to bar defendant José Padilla-Galarza from introducing at trial alternative-perpetrator evidence and polygraph evidence. Docket No. 488.

Evidence that someone else committed the crime at issue (*i.e.*, alternative-perpetrator evidence) is relevant so long as "there is a connection"—not "mere speculation"—between the other perpetrator and the crime. *United States v. Patrick*, 248 F.3d 11, 21 (1st Cir. 2001); *see also United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019) ("A criminal defendant generally has the right to introduce at trial evidence tending

to show that another person committed the crime, so long as the evidence 'sufficiently connect[s] the other person to the crime.'" (quoting *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012))). But even relevant evidence that someone else committed the crime may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* FED. R. EVID. 403. Courts are particularly concerned by the danger of unfair prejudice and confusing the issues where the alternative-perpetrator evidence has only marginal probative value. *See, e.g.*, *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998).

While the Court is aware of and sensitive to the issues surrounding alternative-perpetrator evidence, we decline to bar it right now. That is because the Court can quickly decide at trial whether the requisite connection exists between the alternative perpetrator and the crime. And we can do so in a

way that ensures that the jury is not misled, prejudiced, or confused. Moreover, if we have a bench trial,[1] the concerns presented by this type of evidence are greatly reduced. For the Court can readily discern relevant evidence from irrelevant evidence and there would be no danger of misleading, prejudicing, or confusing the jury.

We decline as well to right now bar polygraph evidence. To be sure, "[p]olygraph results are rarely admissible at trial," *United States v. Rodríguez-Berríos*, 573 F.3d 55, 73 (1st Cir. 2009), and "evidence of a person's refusal to take a polygraph test has specifically been held inadmissible," *De Vries v. St. Paul Fire & Marine Ins. Co.*, 716 F.2d 939, 945 (1st Cir. 1983). The Court, moreover, has general concerns about the reliability of polygraph evidence. *See, e.g.*, *United States v. Scheffer*, 523 U.S. 303, 312 (1998) ("[T]here is simply no way to know in a particular case whether a polygraph examiner's

---

1. Padilla-Galarza has said that he wishes to waive his right to a jury trial, and the United States has consented. Docket Nos. 471, 475. But we have not yet held a hearing on the matter.

conclusion is accurate, because certain doubts and uncertainties plague even the best polygraph exams."). But this again is an issue that the Court can quickly resolve at trial and, if necessary, without exposing the jury to it.

The Court, therefore, **DENIES** the United States' motion *in limine* to bar alternative perpetrator and polygraph evidence (Docket No. 488).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of January 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE