IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSÉ PADILLA-GALARZA, Defendant. | CRIM. NO. 15-633 (SCC) |

**OPINION AND ORDER**

The United States has filed a motion *in limine*, asking to introduce at trial under Federal Rule of Evidence 404(b) defendant José Padilla-Galarza's 2018 bank robbery. Docket No. 516. Mr. Padilla-Galarza has opposed. Docket No. 546. We grant in part and deny in part the United States' motion.

**I.**

A grand jury has charged Mr. Padilla-Galarza with, as relevant here, conspiring to rob the Isla de Cabras shooting range, where the Police of Puerto Rico keep a vault of firearms. Docket No. 3. The United States wishes to introduce at trial Mr. Padilla-Galarza's 2018 bank robbery to show his

*modus operandi*, intent, preparation, plan, and knowledge in the conspiracy to commit the Isla de Cabras robbery. Docket No. 516, pg. 5. It points out the following similarities between the two robberies: Mr. Padilla-Galarza (1) "planned the heist and recruited participants but was not physically present at the scene of the crime," (2) "organized individuals who knew [him] but were not well-acquainted with each other," (3) "used disguises in both and purchased equipment for both heists from Home Depot stores in Bayamón," (4) "although not at the scene, . . . maintained control via frequent phone calls, both with the lookouts as well as active participants," (5) knows of "evidence left at the crime scene," and (6) used a "common participant." *Id.* at 6, 8.

We begin with the basics. Rule 404(b) prohibits using "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). The proponent of Rule 404(b) evidence, in other words, may not offer it to show criminal

propensity. But Rule 404(b) provides as well that evidence of other acts may be offered to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The First Circuit uses a two-part test to determine whether to admit evidence under Rule 404(b). First, the evidence must have "some 'special relevance' independent of its tendency to show criminal propensity." *United States v. Martínez-Mercado*, 919 F.3d 91, 102 (1st Cir. 2019) (quoting *United States v. Rodríguez-Barríos*, 573 F.3d 55, 64 (1st Cir. 2009)). Second, its probative value must not be substantially outweighed by a danger of unfair prejudice. *Id.*

We turn first to *modus operandi*. To admit Rule 404(b) evidence to show *modus operandi*, the proponent must establish that the "shared characteristics of the other act and the charged offense are sufficiently idiosyncratic that a reasonable jury could find it more likely than not that the same person performed them both." *United States v. Trenkler*, 61 F.3d 45, 53 (1st Cir. 1995). And though they need not be a

"facsimile or exact replica," a "totality of the comparison" must reveal a "conjunction of several identifying characteristics or the presence of some highly distinctive quality." *Martínez-Mercado*, 919 F.3d at 102 (quoting *Trenkler*, 61 F.3d at 54). The United States contends that the 2018 bank robbery and the Isla de Cabras robbery bear a "striking resemblance," Docket No. 516, pg. 5, because Mr. Padilla-Galarza was not present at the scene of either crime, organized individuals who did not know each other well, used a common participant, purchased disguises and equipment for both from Home Depot, and communicated with the participants via frequent phone calls. None of these similarities, however, are "unusual and distinctive" enough to create the inference that the same person committed both crimes. *See Martínez-Mercado*, 919 F.3d at 103; *United States v. García-Rosa*, 876 F.3d 209, 225 (1st Cir. 1989) ("The exchange of a sample prior to a sale of drugs in wholesale quantities does not strike us as unusual, let alone highly distinctive."); *United States v. Pisari*, 636 F.3d 855, 859 (1st Cir. 1981) ("The

single fact that in committing a robbery, one invokes the threat of using a knife falls far short of a sufficient signature or trademark upon which to posit an inference of identity.").

Where there are no highly distinctive qualities, the proponent must show a "conjunction of several identifying characteristics." *Martínez-Mercado*, 919 F.3d at 102 (quoting *Trenkler*, 61 F.3d at 54). But the United States has not done so. In *Pisari*, the First Circuit cited with approval *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977), which is instructive here. There, the Fifth Circuit stated, "An early afternoon robbery of an outlying bank situated on a highway, by revolver-armed robbers wearing gloves and stocking masks, and carrying a bag for the loot, is not such an unusual crime that it tends to prove that one of the two individuals involved must have been the single bandit in a similar prior robbery." *Id.* at 1046. As in *Myers*, the combination of similarities here is not unusual enough to raise the inference that Mr. Padilla-Galarza committed both robberies. Robberies where the "mastermind" was absent from the crime scene, purchased

| UNITED STATES V. PADILLA-GALARZA | Page 6 |
|---|---:|

equipment and disguises from Home Depot, organized individuals who did not know each other well, communicated to participants via frequent phone calls, and used a common participant are not "so distinctive as to give rise to an inference that the same person was involved in both." *Pisari*, 636 F.3d at 859. We, therefore, deny the United States' motion insofar as it seeks to introduce Mr. Padilla-Galarza's 2018 bank robbery to show *modus operandi*. *Cf. Trenkler*, 61 F.3d at 54 (finding the "coalescence" of factors persuasive enough to show *modus operandi* where the United States' expert testified that he had "no doubt" that the same individual built two homemade bombs, which both used "switches in their fusing circuits to disconnect the radio receivers," were energized by "four AA batteries," "employed many similar components such as batteries, duct tape, toggle switches, radio receivers, antennas, solder, electrical tape, and large round speaker magnets," and "used a distinctive method (*i.e.*, twisting, soldering, and taping) to connect some, though not all, of the wires used."); *United*

*States v. Ingraham*, 832 F.2d 229, 233 (1st Cir. 1987) (stating there was a valid inference that the same person who wrote the letters made the phone call where both involved "a peculiar obsession with the same obscure litigation," "an unusual campaign to commandeer the assistance of the same four public officials," and "sought to extract something of retributive value" related to "perceived mistreatment").

We turn to the United States' other grounds to introduce Mr. Padilla-Galarza's 2018 bank robbery. But we limit our inquiry to the grounds that the United States has adequately developed: knowledge and intent. *See* Docket No. 516, pgs. 5–6. We ignore the others—preparation, plan, and absence of mistake—for lack of development. *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (stating "[t]he district court is free to disregard arguments that are not adequately developed"). The United States argues that the 2018 bank robbery shows Mr. Padilla-Galarza's knowledge of and intent in the conspiracy to commit the Isla de Cabras robbery. Docket No. 516, pg. 5. To be sure,

conspiracy "is an offense in which knowing participation and intent is an issue of crucial import," so "evidence of similar past crimes or wrongful acts may be especially appropriate." *United States v. Scelzo*, 810 F.2d 2, 4 (1st Cir. 1987). But we must heed the First Circuit's warning that "district court judges [should] carefully consider the proponent's assertion of why a prior conviction has special relevance and examine whether, in the particular case-specific circumstances, the proponent is simply attempting to disguise propensity evidence by artificially affixing it with the label of a permitted Rule 404(b)(2) purpose." *United States v. Henry*, 848 F.3d 1, 9 (1st Cir. 2017).

The United States anticipates that Mr. Padilla-Galarza "will attempt to deflect the numerous phone calls made to his co-conspirators, attempt to excuse his purchase of equipment for the heist, and use his absence from the scene of the crime to exculpate his role, his planning, his knowledge, and his intent to commit the charged offenses." Docket No. 516, pg. 7. It seeks to introduce the 2018 bank robbery to rebut these

defenses. *Id.* Mr. Padilla-Galarza counters that his knowledge and intent are not relevant because he "den[ies] any participation" in the robbery. Docket No. 546, pg. 2.

We grant the United States' motion insofar as it seeks to introduce Mr. Padilla-Galarza's 2018 bank robbery to rebut anticipated defenses by showing his knowledge of and intent in the conspiracy to commit the Isla de Cabras robbery. For the United States is "entitled to refute" anticipated defenses in its case in chief, even where the defendant claims that knowledge and intent are not at issue. *See United States v. Romero-López*, 695 F.3d 17, 24 (1st Cir. 2012) (affirming admission of sandwich-shop revenue under Rule 404(b) even where the defendant had not testified that the funds at issue were sandwich-shop revenue because the United States "was entitled to refute any possible argument that the wired funds" were derived from legal activity); *United States v. García-Sierra*, 994 F.3d 17, 31 (1st Cir. 2021) ("Absent an 'offer to stipulate' or its practical equivalent," evidence of the defendant's knowledge is relevant even where "he never

UNITED STATES V. PADILLA-GALARZA                                        Page 10

actually defended against the charges based on a lack of knowledge."). And this evidence is not barred by Rule 404(b) because the United States seeks to introduce it for non-propensity reasons. We agree that the fact that Mr. Padilla-Galarza has executed a robbery absent from the crime scene goes to show that his absence here does not negate his culpability. We also agree that the fact that he has directed a robbery through frequent phone calls to the participants and purchased equipment and disguises for it from Home Depot tends to make it less likely that he innocently made phone calls and purchased equipment here. The United States, therefore, may introduce the 2018 bank robbery to show that Mr. Padilla-Galarza's absence from the crime scene does not undermine his participation in the alleged conspiracy and to show that he made phone calls to the participants and purchased supplies from Home Depot with knowledge of and intent in the conspiracy. *See García-Sierra*, 994 F.3d at 31 ("Through the prior-bad-acts evidence, the government sought to show that [the defendant] had previously smuggled

cocaine from South America to Puerto Rico by sea. If credited, this evidence would tend to decrease the likelihood that [he] was ignorant of the illicit purpose of the sea voyage . . . , an argument the government may have fairly anticipated . . . ."); *United States v. Lugo-Guerrero*, 524 F.3d 5, 14 (1st Cir. 2008) ("The robberies were especially relevant to prove that . . . [the defendant] was not innocently present in the getaway car with two bank robbers, caught in the wrong place at the wrong time, but that he was in fact one of the participants in the robbery. That [he] committed two prior armed bank robberies makes it unlikely that his presence in the vehicle was a mere coincidence.").

Because we agree that Mr. Padilla-Galarza's 2018 bank robbery is admissible under Rule 404(b) to show his knowledge of and intent in the conspiracy to commit the Isla de Cabras robbery, we turn to Rule 403 balancing.[1] Rule 403

---

1. This step may be unnecessary because this case involves a bench trial rather than a jury trial. *See, e.g., United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (unpublished) ("Other circuits have held, and we agree, that excluding evidence in a bench trial under 'Rule 403's weighing

provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Probative value "must be considered in light of the remoteness in time of the other act and the degree of resemblance to the crime charged." *Martínez-Mercado*, 919 F.3d at 103 (quoting *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996)). Though the 2018 bank robbery occurred four years after the Isla de Cabras robbery, four years is not so remote as to reduce the 2018 robbery's

---

of probative value against prejudice [is] improper.'" (quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981))); *United States v. Geok Soo Lim*, 57 F. App'x 701, 704 (7th Cir. 2003) (unpublished) ("[W]e reject [appellant's] Rule 403 claims, which are inapposite in a bench trial, where there is no risk of jury prejudice."); *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) ("Adopting the position taken in *Gulf States*, we hold that in the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial."); *see also United States v. Raymond*, 697 F.3d 32, 39 n.7 (1st Cir. 2012) ("It is at least arguable that, in a bench trial, a district court has wider latitude in the admission of Rule 404(b) evidence." (citing *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981))).

probative value. *See United States v. DeCicco*, 370 F.3d 206, 212 (1st Cir. 2006) (stating "three years is not so remote a time as to reduce the probative value" and collecting cases where time spans of five and seven years were not too remote); *see also United States v. Blanchard*, 867 F.3d 1, 10 n.10 (1st Cir. 2017) ("Bad acts committed subsequent to the charged [offense] are admissible under Rule 404(b) as long as they meet the criteria set forth in the Rule." (quoting *United States v. Landry*, 631 F.3d 597, 601 (1st Cir. 2011)). And the 2018 bank robbery—though not similar enough to show *modus operandi*—nonetheless resembles the Isla de Cabras robbery to a sufficient degree that the one is somewhat probative of the other.

Moreover, the 2018 bank robbery's probative value is not substantially outweighed by any Rule 403 danger. For the Court knows that the 2018 robbery does not show propensity and, thus, there will be no unfair prejudice. And because we will have a bench trial, there is no risk of confusing the issues or misleading the jury. Finally, introducing it will not cause undue delay, waste time, or constitute cumulative evidence.

## II.

In sum, the Court **GRANTS in part and DENIES in part** the United States' motion to introduce Mr. Padilla-Galarza's 2018 bank robbery under Rule 404(b) (Docket No. 516). To be clear, the United States may not offer it to show *modus operandi*. But the United States may offer it to refute anticipated defenses—that is, deflecting the phone calls that he allegedly made to participants at the crime scene, claiming that he innocently purchased the equipment used in the crime from Home Depot, and relying on his absence from the crime scene to exculpate his role in the alleged conspiracy and robbery—by showing his knowledge of and intent in the conspiracy to commit the Isla de Cabras robbery.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of March 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE