IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ PADILLA-GALARZA,<br><br>Defendant. | CRIM. NO. 15-633 (SCC) |

**OPINION AND ORDER**

The government has filed a motion *in limine*, seeking the Court's permission to introduce at trial testimony from two witnesses pursuant to Federal Rule of Evidence 404(b). Docket No. 578. The first witness will testify that he and José Padilla-Galarza "participated in criminal acts, including fraudulent check fabrication and cashing schemes, drug trafficking offenses, and other robberies." *Id.* at 1. And the second will testify about his interactions with Padilla-Galarza at MDC-Guaynabo from 2000 to 2005. *Id.* The government "offers this evidence to show the background and relationship of the parties, as well as bias of the witnesses." *Id.*

at 3. Padilla-Galarza opposes, arguing that the government has not satisfied Rule 404(b)'s notice requirement because it did not provide him with enough detail about these acts to prepare for cross examination. Docket No. 586, pg. 2. We agree and, thus, deny the government's motion.

Rule 404(b) prohibits using "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [it]." FED. R. EVID. 404(b)(1). In short, the party offering evidence of other acts may not do so to show criminal propensity. But this evidence may be offered to show other things, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The First Circuit uses a two-part test to determine whether to admit evidence under Rule 404(b). First, the evidence must have "some 'special relevance' independent of its tendency to show criminal propensity." *United States v. Martínez-Mercado*, 919 F.3d 91, 102 (1st Cir. 2019) (quoting *United States v. Rodríguez-Barrios*,

573 F.3d 55, 64 (1st Cir. 2009)). Second, its probative value must not be substantially outweighed by a danger of unfair prejudice. *Id.* Before we reach this two-part test, however, we must ensure that the government has provided proper notice of its intent to offer Rule 404(b) evidence. *See* FED. R. EVID. 404 adv. comm. note 1991 amend. ("Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.").

As originally written, Rule 404(b) did not contain a notice requirement. But in 1991, the Supreme Court prescribed one that compelled the government, upon request, to give "reasonable notice of the general nature" of the other acts it intends to offer at trial. *See United States v. Melo*, 954 F.3d 334, 346 n.3 (1st Cir. 2020) (quoting FED. R. EVID. 404(b)(2)(A) (amended Dec. 2020)). In April 2020, effective December 2020, the Court expanded the notice requirement. Now the government must "provide reasonable notice of any such evidence that [it] intends to offer at trial, so that the

defendant has a fair opportunity to meet it" and "articulate . . . the permitted purpose for which [it] intends to offer the evidence and the reasoning that supports the purpose." FED. R. EVID. 404(b)(3). Explaining this amendment, the Advisory Committee stated that notice "is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied." FED. R. EVID. 404 adv. comm. note 2020 amend. So we evaluate whether the government's notice has provided Padilla-Galarza with a "fair opportunity to meet" its proposed Rule 404(b) evidence through that lens.

The government has not provided Padilla-Galarza with a fair opportunity to meet the Rule 404(b) evidence that it intends to elicit from these two witnesses. To be sure, it explains the purpose for which it seeks to admit the evidence and its reasoning supporting those purposes, Docket No. 578, pgs. 3–5, but it does not describe the acts with enough specificity for Padilla-Galarza to assess them, conduct an

independent investigation of them, and prepare for cross-examination. As to the first witness, the government says only the following: He and Padilla-Galarza "participated in criminal acts, including fraudulent check fabrication and cashing schemes, drug trafficking offenses, and other robberies." *Id.* at 1. The government does not name the witness, state when the acts occurred, or share any other identifying details. *See* 22B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 5242.1, Westlaw (database updated Apr. 2022) (explaining that, to comply with the December 2020 amendments, "the other act itself should also be described with helpful specificity, including date, place, and the nature of the conduct as well as the source of proof"). This lack of detail is especially problematic where, as here, the government alleges that the defendant has a long history of criminal activity, Docket No. 578, pg. 4, because neither the Court nor Padilla-Galarza, *see* Docket No. 586, pg. 2, can discern which of his acts the government intends to elicit from this witness based only on the nature of the conduct. The

| UNITED STATES V. PADILLA-GALARZA | Page 6 |
|---|---:|

second witness fares even worse. For the government does not even name the other acts it intends to elicit from him. Docket No. 578, pg. 1. Instead, it merely says that the second witness will testify about his time or interactions with Padilla-Galarza at MDC-Guaynabo from 2000 to 2005. *Id.* Without knowing what the acts are, Padilla-Galarza cannot possibly have a fair opportunity to meet them. In short, the government's notice is not reasonable because it does not provide enough detail for Padilla-Galarza to identify the acts that it intends to elicit from these two witnesses and, thus, its notice fails to give him a "fair opportunity to meet [the acts]." FED. R. EVID. 404(b)(3)(A).

The Court, therefore, **DENIES** the government's motion *in limine* (Docket No. 578).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of April 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE