IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSÉ PADILLA-GALARZA, <br><br> Defendant. | CRIM. NO. 15-633 (SCC) |

**OPINION AND ORDER**

Defendant José Padilla-Galarza has moved the Court to dismiss the superseding indictment on two grounds: (1) statute of limitations and (2) prosecutorial delay. Docket No. 592. On October 14, 2015, the grand jury returned the original indictment, charging Padilla-Galarza with offenses stemming from robbing the Police of Puerto Rico's firearms vault at the Isla de Cabras shooting range. Docket No. 3. Over six years later, on April 7, 2022, the grand jury returned a superseding indictment. Docket No. 575.

The superseding indictment differs from the original in a few ways. First, the original charged Padilla-Galarza with

one count in violation of 18 U.S.C. § 1951: conspiring to interfere with commerce by robbery (Hobbes Act conspiracy). Docket No. 3. But the superseding indictment charges him with two counts in violation of § 1951: Hobbes Act conspiracy and aiding and abetting interference with commerce by robbery (Hobbes Act robbery). Docket No. 575. Second, it changes the predicate for count two, the 18 U.S.C. § 924(c) offense, from Hobbes Act conspiracy to Hobbes Act robbery. *Compare* Docket No. 3, pg. 8, *with* Docket No. 575, pg. 7. Third, it alleges in count two that he aided and abetted other persons who "carr[ied] and use[d]"—rather than "brandish[ed] and possess[ed]"—firearms during and in relation to a crime of violence. *Compare* Docket No. 3, pg. 8, *with* Docket No. 575, pg. 7. Finally, it added two firearms (serial nos. 245635 and 32403) from count two of the original indictment to the list in count one of 125 firearms that were taken during the robbery. *Compare* Docket No. 3, pg. 8, *with* Docket No. 575, pg. 5.

Padilla-Galarza argues first that the superseding indictment is untimely because it does not relate back to the

original one. Docket No. 592, pg. 2. Filing an indictment tolls the statute of limitations for the charges in it. *United States v. O'Bryant*, 998 F.2d 21, 23 (1st Cir. 1993). And Padilla-Galarza concedes that the original indictment was timely.[1] Docket No. 592, pg. 2. Where a superseding indictment supplants a timely one that is still pending, it itself is timely "so long as it neither materially broadens nor substantially amends the charges against the defendant." *O'Bryant*, 998 F.2d at 23. In other words, there must be "a strong chain of continuity link[ing] the earlier and later charges." *Id.* The policy underlying statutes of limitations is grounded in fair-notice concerns, so we view whether a superseding indictment "materially broadens or substantially amends earlier charges" through that lens. *Id.* at 24. The defendant has been afforded "timely notice . . . that [he] will be called to account for [his] activities

---

1. The original indictment was, indeed, filed within the statute of limitations. Generally, the government must indict a defendant within five years of the date he committed a non-capital offense. *See* 18 U.S.C. § 3282(a). Here, the grand jury alleges that Padilla-Galarza committed his offenses on or about October 26, 2010, and it returned the original indictment on October 14, 2015. Docket No. 3.

and should prepare a defense" if "approximately the same facts were used as the basis of both indictments." *United States v. Seun Banjo Ojedokun*, 16 F.4th 1091, 1109–10 (4th Cir. 2021) (first quoting *United States v. Italiano*, 894 F.2d 1280, 1285 (11th Cir. 1990); and then quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976)).

Padilla-Galarza contends that the superseding indictment substantially amended the original because it "added a new substantive count," replaced the § 924(c) predicate with that count, "increased the mandatory minimum he faced" for the § 924(c) offense, and added two "new" firearms to the list of them in count one. Docket No. 592, pg. 3. The key question is whether the original indictment gave Padilla-Galarza notice that he would have to account for the conduct charged in the superseding indictment. *See Bryant*, 998 F.2d at 24. He argues that adding one count of aiding and abetting interference with commerce by robbery (count six of the superseding indictment) substantially amended the original indictment, which only charged him

with conspiring to interfere with commerce by robbery. Docket No. 592, pg. 3. We disagree. Though the original does not charge him with the underlying substantive offense, it does allege that the substantive offense occurred and that he committed it. Comparing the language in count one of the original indictment and count six of the superseding one shows that, while the charge itself differs, the allegations and underlying conduct do not. Count one in the original charges the defendants (including Padilla-Galarza) with conspiring to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951, and alleges:

> Beginning on a date unknown, but not later than in or about October, 2010 and up to January, 2011, . . . the defendants herein . . . did knowingly and intentionally . . . conspire . . . with each other . . . to knowingly and unlawfully obstruct, delay and affect commerce . . . and the movements of articles and commodities in such commerce, by robbery . . . in that *the defendants, did unlawfully take one hundred and twenty-five (125) firearms from the POPR Shooting Range . . . in the presence of duty police officers, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, assaulting and threatening the*

*employees with firearms in order to commit the robbery*. Docket No. 3, pg. 2 (emphasis added). So the original, though it charged only conspiracy, alleged that the defendants—including Padilla-Galarza—committed the underlying substantive offense as well. Count six in the superseding indictment charges Padilla-Galarza with interfering with commerce by robbery, also in violation of § 1951, and alleges:

> On or about October 26, 2010, . . . Jose Padilla-Galarza . . . the defendant herein, aiding and abetting other persons . . . did knowingly, intentionally, and unlawfully obstruct, delay and affect commerce . . . and the movements of articles and commodities in such commerce, by robbery . . . in that *the defendant, did unlawfully take one hundred and twenty-five (125) firearms . . . from the POPR Shooting Range . . . in the presence of duty police officers, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, that is, assaulting and threatening the employees with firearms in order to commit the robbery*.

Docket No. 575, pg. 10 (emphasis added). This side-by-side comparison shows that, while the charge itself is new, the underlying allegations and conduct are not. Thus, the original indictment informed Padilla-Galarza "that he would have to

account for essentially the same conduct with which he was ultimately charged in the superseding indictment." *O'Bryant*, 998 F.2d at 24. In short, the same facts form the basis of the Hobbes Act conspiracy and Hobbes Act robbery charges, both charges allege violations of the same statute, the government did not disclose any new evidence after the grand jury returned the superseding indictment, and the government says that it will rely on the same evidence to prove both charges. Under these circumstances, adding the underlying substantive offense did not materially broaden nor substantially amend the charges.

Padilla-Galarza relies on the Second Circuit's analysis in *United States v. Zvi*, 168 F.3d 49 (2d Cir. 1999), to support his argument that adding a new substantive count materially broadens the original indictment. But *Zvi* is distinguishable. In *Zvi*, a panel of the Second Circuit reversed the district court's decision that money-laundering counts in the superseding indictments related back to the original one. Even though the money-laundering counts were part of the

scheme to defraud in the original, the court explained, those counts "required the defendants to defend against additional charges that alleged violations of a different statute, contained different elements, relied on different evidence, and exposed the defendants to a potentially much greater sentence." *Id.* at 55. And importantly, the original indictment made no mention of the funds that formed the basis of the money-laundering charges in the superseding ones. *Id.* Here, in contrast, the new charge alleges a violation of the same statute, the original indictment contains the facts that form the basis of that charge, and the government says that it will not rely on different evidence to prove it.

Because adding a Hobbes Act robbery charge did not materially broaden nor substantially amend the original indictment, it follows that neither did replacing Hobbes Act conspiracy with Hobbes Act robbery as the § 924(c) predicate. As we have explained, the underlying facts, conduct, and evidence are identical for both offenses, so swapping them as the § 924(c) predicate does not trigger any notice concerns.

Padilla-Galarza argues next that the § 924(c) charge in the superseding indictment "increased the mandatory minimum he faced." Docket No. 592, pg. 3. But that is not true. The superseding indictment alleges in count two that he aided and abetted other persons who "carr[ied] and use[d]"—rather than "brandish[ed] and possess[ed]," as alleged in the original indictment—firearms during and in relation to a crime of violence. *Compare* Docket No. 3, pg. 8, *with* Docket No. 575, pg. 7. This change *reduces* the mandatory minimum. Now he will face a five-year mandatory minimum as opposed to a seven-year one. *See* § 924(c)(1)(A). Because this change reduces his sentencing exposure, it does not materially broaden nor substantially amend the original indictment. *See O'Bryant*, 998 F.2d at 24 ("[A] limiting amendment to a charge, without some other, more deleterious modification, will not necessitate a new statute-of-limitations computation.").

Finally, adding two firearms to the list in count one of 125 firearms that were taken during the robbery did not materially broaden nor substantially amend the original

indictment. That is because count two of the original indictment alleged that those two firearms were taken from police officers during the robbery, Docket No. 3, pg. 8, so there are no "new" firearms at issue and Padilla-Galarza had fair notice that he would be called to account for unlawfully taking them during the robbery. Because none of the differences between the original and superseding indictment materially broaden nor substantially amend the charges, the superseding indictment relates back to the original. *See O'Bryant*, 998 F.2d at 25 ("[T]he first indictment put appellant on fair notice anent the conduct for which he must answer and, therefore, tolled the statute of limitations for the strikingly similar charges contained in the superseding indictment.").

      We reject Padilla-Galarza's argument that we should dismiss the superseding indictment due to prosecutorial delay because he has wholly failed to develop it. *See* Docket No. 592, pg. 4. An indictment must be dismissed on due process grounds where pre-indictment delay causes actual

prejudice to the defendant's right to a fair trial and the government intentionally delayed indicting the defendant to gain a tactical advantage. *United States v. Lebrón-González*, 816 F.2d 823, 831 (1st Cir. 1987) (citing *United States v. Marion*, 404 U.S. 307 (1971)). Padilla-Galarza has argued neither. *See Marion*, 404 U.S. at 325 (rejecting due process claim premised on pre-indictment delay where "[n]o actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the [g]overnment intentionally delayed to gain some tactical advantage . . . or to harass them"). And there is no excuse for his failure to do so. For he did not use all the additional time that we granted him to file this motion.

In sum, for the reasons above, the Court **DENIES** Padilla-Galarza's motion to dismiss the superseding indictment (Docket No. 592).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of April 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE